UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HICA EDUCATION LOAN CORPORATION,

        Plaintiff,

  -against-

ERIC H. FEINTUCH A.K.A. ERIC HAL FEINTUCH,

        Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
12–CV–5243 (JMA)(GRB)

**FILED**
**CLERK**
3/17/2016 3:29 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On October 18, 2012, plaintiff HICA Educational Loan Corp. ("HICA") filed this action against defendant Eric H. Reintuch alleging default of payment on three promissory notes. Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, defendant's motion to dismiss is granted.

## I.    BACKGROUND

The following facts are taken from plaintiff's complaint and assumed to be true for the purposes of this motion.

Plaintiff is a corporation organized, chartered, and existing under the laws of South Dakota. (Compl. ¶ 1, ECF No. 1.) Defendant is a citizen of the State of New York and maintains a residence at 636 Nutley Place, Valley Stream, New York. (Id. ¶ 2.) Plaintiff seeks enforcement of debt arising under the United States Health Education Assistance Loan ("HEAL") Program, 42 U.S.C. §§ 292, 294 et seq. and the Federal Regulations set forth in 42 C.F.R. Part 60 (the "HEAL Statutes and Regulations"). (Id. ¶ 3.)

1

Defendant signed three promissory notes pursuant to the provisions of the HEAL Statutes and Regulations. The Promissory notes were issued on February 6, 1986 in the amount of $8,140, July 5, 1984 in the amount of $7,327, and June 12, 1985 in the amount of $10,417 (the "Notes"). (Id. ¶ 5.) The Notes were subsequently sold, transferred, and assigned to HICA by the Student Loan Marketing Association. (Id. ¶ 7.) HICA is the current holder and owner of the Notes. (Id.) Defendant has failed to make payments that are due on the Notes and has failed to repay the sums due, despite demand for payment by HICA. (Id. ¶ 8.) In total, plaintiff owes $18,313.98 in unpaid principal and accrued, unpaid interest on the Notes as of July 23, 2012. (Id. ¶ 11.)

## II.    DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Federal courts have "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." HICA Educ. Loan Corp. v. Danziger, 900 F. Supp. 2d 341, 342 (S.D.N.Y. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Because subject matter jurisdiction "involves the court's power to hear a case, [it] can never be forfeited or waived." Arbaugh, 546 U.S. at 514. The plaintiff "has the burden to prove subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). If the plaintiff fails to prove subject matter jurisdiction, the court must sua sponte dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Whether Subject Matter Jurisdiction Exists in This Case

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citation omitted).

Federal courts exercise jurisdiction over two types of cases: (1) cases involving a "federal question" in which the claim "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) cases between "citizens of different states" in which the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.[1]

A case can arise under federal law in two ways. First, under the creation test, "a case arises under federal law when federal law creates the cause of action asserted." Gunn, 133 S. Ct. at 1064. Second, under the Grable test, a claim rooted in state rather than federal law may still arise under federal law in special and rare circumstances. Id. (quoting Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005)). The Grable test centers on whether the state-law claim raises a federal issue that is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court with disrupting the appropriate federal-state balance. Id. "Where all four of these requirements are met, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id.

Applying these standards, the Court lacks subject matter jurisdiction over this case. HICA invokes 28 U.S.C. § 1331, federal question jurisdiction, as the basis for subject matter jurisdiction. HICA contends that its claims "arise under the Constitution, laws, or treaties of the United States" because it "seeks enforcement of an indebtedness arising under" the HEAL Program and the HEAL Statutes and Regulations. (Compl. ¶ 3.) However, federal question jurisdiction is unavailable

---

[1] Diversity jurisdiction is unavailable in this case because although there is complete diversity between the parties, the amount in controversy falls short of the $75,000 threshold. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir.1996) ("The amount in controversy is determined at the time the action is commenced." (citation omitted)). Here, the amount in controversy, the total of $18,313.98 outstanding on the notes, falls short of the $75,000 threshold.

because this dispute does not "arise under" federal law.

"[V]irtually all district courts that have considered the question of whether a collection action for nonpayment of a HEAL loan arises under federal law have concluded that federal question jurisdiction is lacking." Meyer, 2014 WL 1694928 at *2 (citing HICA Educ. Loan Corp. v. Kotlyarov, 11 Civ. 1050, 2013 WL 4007582, at *3 (S.D.N.Y. Aug. 6, 2013) (Report and Recommendation) (collecting cases)).

Under the creation test, the HEAL Statutes and Regulations do not provide an express federal cause of action allowing a plaintiff to sue an individual for violation of its statutory or regulatory requirements. See HICA Educ. Loan Corp. v. Meyer, No. 12 Civ. 4248, 2014 WL 1694928, at *2 (S.D.N.Y. Apr. 23, 2014); cf. 42 U.S.C. § 292 et seq.; 42 C.F.R. Part 60. Further, the "text and structure" of the HEAL Statutes and Regulations do not provide "evidence of Congress's implied intent to create a private right of action." M.F. v. State of New York Exec. Dep't. Div. of Parole, 640 F.3d 491, 495 (2d Cir. 2011). Therefore, plaintiff's cause of action arises out of state law and does not satisfy the creation test. See Meyer, 2014 WL 1694928 at *2 (finding that "it is state law that provides the cause of action" in suit by HICA to enforce payment obligations on promissory notes arising under the HEAL Program).

Under the Grable test, there is no "serious federal interest in claiming the advantages thought to be inherent in a federal forum." 545 U.S. at 313. This case is a contractual dispute that does not involve any issues requiring interpretation of federal law, let alone "a contested and substantial federal question." Id.

4

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted and the case is dismissed in its entirety for lack of subject jurisdiction. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Date: March 17, 2015
Central Islip, New York

                                                                                                 /s/ (JMA)
                                                                                               Joan M. Azrack
                                                                                               United States District Judge